**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALEXANDER C. WILSON,

    Plaintiff,

v.                                     Case No. 8:94-338-CIV-T-27C

GERALD ABDUL-WASI, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court upon receipt of Plaintiff's Motion for Enlargement of Time (Dkt. 70) in which to file a response to the order to show cause why Defendants' Motion to Dismiss for Lack of Prosecution (Dkt. 68) should not be granted. Having reviewed the record, the Court concludes that because Plaintiff's § 1983 claim has not yet accrued, the motions should be denied and this matter dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)[1] because the complaint fails to state a claim for which relief can be granted at this time.

Plaintiff, a State of Florida inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on March 1, 1994 (Dkt. 1), which was superseded by an Amended Complaint filed on April 24, 1994 (Dkt. 42). In his complaint, Plaintiff contends that while incarcerated at the Polk Correctional Institution on February 2, 1994, he was

---

[1] The provision of the Prison Litigation Reform Act ("PLRA") permitting the district court to dismiss a prisoner's *in forma pauperis* case if it determines that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief applies to cases pending prior to the PLRA's passage. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

subjected to cruel and unusual punishment by Defendants when they entered his cell to inventory his property in preparation for his transfer to another unit within the facility. As a result of the ensuing altercation, Plaintiff received a disciplinary report charging him with shoving Defendants Nunley and Wise and hitting Defendant Wise in the face. Following a disciplinary hearing on February 11, 1994, Plaintiff was placed in disciplinary confinement for 60 days and ordered to forfeit 180 days gain time. Complaining, *inter alia*, that Defendants violated his right to due process of law during the disciplinary proceedings, Plaintiff seeks monetary and declarative relief.

The February 2 incident also resulted in criminal charges being filed against Plaintiff. *See State v. Wilson*, Case No. CF94-1416A-1-XX (Fla. 10th Jud. Cir. Ct. 1994); Dkt. 42 at 11. On November 30, 1994, Plaintiff was convicted of battery on a law enforcement officer (2 counts) and resisting an officer with violence (Dkt. 43, Ex. A). *See Wilson v. State*, 670 So.2d 1104 (Fla. 2d DCA 1996).

On July 5, 1995, this Court found that since Plaintiff functionally asserts a habeas corpus claim, which requires exhaustion of available administrative and state court remedies and, if granted, would affect his gain time, Plaintiff was required to file a habeas corpus petition before proceeding under § 1983 (Dkt. 44). *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff's § 1983 claims were stayed pending resolution of the habeas issues, *see Prather v. Norman*, 901 F.2d 915, 918-19 (11th Cir. 1990), and this case was administratively closed subject to the right of Plaintiff to move to reopen the case subsequent to the entry of a final judgment in his habeas action.

Defendants move to dismiss the complaint for failure to prosecute under Local Rule 3.10(a) (M.D. Fla. 2006) and Fed. R. Civ. P. 41(b). Defendants mailed a copy of the motion to Plaintiff at the facility where he is currently incarcerated on July 6, 2006. When

he failed to file a response to Defendant's motion, the Court entered an order directing Plaintiff to show cause why Defendant's motion should not be granted. In his motion for an extension of time in which to file a response to the order to show cause, Plaintiff states that he has not yet exhausted his habeas claim in state court.

In *Preiser, supra*, at 499, the Supreme Court drew a clear line between challenges to the fact and length of custody and challenges to the conditions of confinement. *Id.* The Supreme Court adhered to that clear line in *Heck v. Humphrey*, 512 U.S. 477 (1994), finding that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489. The *Heck* Court explained its holding, stating: "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 487.

Thus, under *Heck*, no § 1983 cause of action exists until the "favorable termination" of the underlying criminal conviction has occurred. The Supreme Court has extended *Heck* to include claims for damages and declaratory relief brought by a state prisoner challenging the validity of disciplinary hearing procedures used to deprive him of good-time credit. *See Edwards v. Balisok*, 520 U.S. 641, 643-49 (1997) (state prisoner's claim for damages and declaratory relief for Fourteenth Amendment due process violations based on procedures used in disciplinary hearing was not cognizable under § 1983 because allegations of deceit and bias on part of hearing officer would necessarily imply invalidity of punishment).

Petitioner has made several unsuccessful bids for post-conviction relief, the latest of which concluded on April 7, 2006, when the state appellate court affirmed the denial of his Rule 3.800 motion. *See Wilson v. State*, 928 So.2d 1232 (Fla. 2d DCA 2006). Given Plaintiff's statement in his motion for extension of time that "appellate proceedings were recently concluded in the Second District Court of Appeal, which required Plaintiff to refile [a] *Motion for Post Conviction Relief on matters which are the subject of Plaintiff's 1983 Civil Complaint*" (Dkt. 70 at 1-2), Plaintiff has yet to satisfy the favorable termination requirement.[2]

In the present case, a judgment in favor of the Plaintiff would necessarily imply the invalidity of the result of the disciplinary proceedings as well as his 1994 criminal conviction. Plaintiff has not demonstrated that the finding of his guilt at either of these proceedings has already been invalidated. Therefore, Plaintiff's § 1983 claim has not yet accrued. *Cf. Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (finding that plaintiff's § 1983 challenge of a state prison disciplinary hearing was not barred by *Heck* because it was not "seeking a judgment at odds with his conviction" during the disciplinary hearing).

While the Court must read Plaintiff's *pro se* allegations in a liberal fashion, *see Haines v. Kerner*, 404 U.S. 519 (1972), the legal deficiency in the Amended Complaint simply cannot be cured by amendment or discovery. For reasons discussed, Plaintiff's claim is premature. Since the complaint is subject to dismissal pursuant to § 1915(e)(2)

---

[2] In his June 17, 1999 status report, Plaintiff informed the Court that he had filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court, Northern District of Florida, Tallahassee Division (Dkt. 59). The Court takes judicial notice of information available at the Public Access to Court Electronic Records ("PACER") internet database link to the Official Court Electronic Document Filing System for the United States District Court, Northern District of Florida, viewed on December 18, 2006, *see* Fed. R. Evid. 201. *See Wilson v. Moore*, Case No. 4:99-CV-14-RH (N.D. Fla. 2001); *see also* Dkts. 60; 61; 62; 63; 64; and 66, herein. Plaintiff's § 2254 petition was denied with prejudice on June 18, 2001, *see* Dkt. 68 at 2 and Ex. A. The Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal of the denial of his § 2254 petition for want of prosecution on August 17, 2001. *See Wilson v. Moore*, Case No. 01-14106-G (11th Cir. 2001); *see also* Dkt. 68, Ex. C.

for failure to state a claim, a discussion of issues raised in Defendants' Motion to Dismiss for Lack of Prosecution (Dkt. 68) and Plaintiff's Motion for Extension of Time (Dkt. 70) is no longer necessary to the resolution of this matter.

Based on information provided by Plaintiff, a delay will not unduly burden or prejudice Plaintiff's rights. The dismissal will be without prejudice to Plaintiff's reassertion of his damages claim if his quest for habeas relief is successful.

ACCORDINGLY, the Court **ORDERS** that:

1. The **Clerk** is directed to **reinstate** the case to pending status.

2. Plaintiff's Motion for Enlargement of Time (Dkt. 70) is **DENIED**.

3. Defendant's Motion to Dismiss for Lack of Prosecution (Dkt. 68) is **DENIED**.

4. Plaintiff's complaint (Dkt. 1), having been superseded[3] by the Amended Complaint filed April 24, 1995 (Dkt. 42), is **DENIED** as moot.

5. The Amended Complaint (Dkt. 42) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

6. The **Clerk** shall terminate all pending motions and close this case.

**ORDERED** in Tampa, Florida, on December 21st, 2006.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy furnished to:
Pro se Plaintiff/Counsel of Record

---

[3] *See, e.g., Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the federal rules supercedes the original complaint).

-5-